IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| MARK SOUTH,<br><br>    Plaintiff,<br><br>vs.<br><br>GOJET AIRLINES, LLC,<br><br>    Defendant. | CIIVL NO. 4:12-cv-378<br><br><br>**PLAINTIFF'S BRIEF IN RESISTANCE TO FILE RESPONSE TO DEFENDANTS' MOTION TO DISMISS OR IN THE ALTERNATIVE TO TRANSFER** |

COMES NOW the Plaintiff, Mark South, by and through his attorneys, and for his Brief in Resistance to Defendant's Motion to Dismiss or in the Alternative to Transfer, respectfully states as follows:

**I.    ARGUMENT**

    **A.    This Court has Subject Matter Jurisdiction Over Plaintiff's Claims.**

        1.    *The Collective Bargaining Agreement does not require arbitration of Plaintiff's FMLA claims.*

Plaintiff does not dispute that he was a member of a union or bound by the terms of its CBA, where applicable. However, Plaintiff disputes Defendant's contention that Plaintiff's request for and denial of FMLA leave in May 2010 is governed by the CBA. In deciding the grievance submitted by the Union in this matter, the Arbitrator explicitly held that it was not deciding Plaintiff's FMLA claim. Because no determination was made about Plaintiff's FMLA claims in the arbitration, this Court has jurisdiction to resolve Plaintiff's FMLA claims.

The CBA in this case does not appear to contain the explicit agreement found enforceable in *14 Penn Plaza LLC v. Pyett*, 556 U.S. 247 (2009), or the broad waiver of jurisdiction provisions found enforceable in *Thompson v. Air Transport Intern., Ltd Liability Co.*, 664 F.3d

723 (8th Cir. 2011). (Def. Ex. 1). The Supreme Court has previously held that any provision requiring arbitration of statutory claims must be "explicitly stated" in the CBA. *Wright v. Universal Maritive Serv. Corp.*, 525 U.S. 70, 80 (1998); *see also 14 Penn Plaza LLC v. Pyett*, 556 U.S. at 258 ("This Court has required only that an agreement to arbitrate statutory antidiscrimination claims be "explicitly stated" in the collective-bargaining agreement."). In comparison, Section 25.A of the CBA, which Defendant seeks to rely on in support of its request for mandatory arbitration, does not contain the explicit agreement to arbitrate Plaintiff's statutory claims.[1] Because the CBA does not contain an explicit agreement to arbitrate Plaintiff's statutory claims, including his FMLA claim, this Court has subject matter jurisdiction over Plaintiff's claims.

The applicable CBA provision provides: "The Company shall grant family and medical leaves in accordance with applicable law." (Def. Ex. 1, at 45). However, in ruling on Plaintiff's grievance, the arbitrator held:

> Finally, it is noted that this Board has not issued an opinion concerning whether the grievant was in fact eligible for FMLA. Indeed, the resolution of this grievance does not depend upon the grievant's eligibility for FMLA or the propriety of the denial but rather the Company's ability to prove the charges upon which it based the grievant's termination. To that extent, the Board issues no opinion or award with respect to this question.

(Opinion and Award, at 31). Because the CBA does not mandate arbitration of statutory claims, the Arbitrator did not need to rule on Plaintiff's FMLA claim to resolve the grievance. *See Alexander v. Gardner-Denver Co.*, 415 U.S. 36, 49-50 (1974). In fact, the Arbitrator declined to

---

[1] Section 25.A provides:
> In compliance with Section 204, Title II of the Railway Labor Act, as amended, there is hereby established a System Board of Adjustment for the purpose of adjusting and deciding disputes which may arise under the terms of this Agreement and which are properly submitted to it. This Board shall be known as the GoJet Airlines Pilots' System Board of Adjustment.

(Def. Ex. 1 at 66).

2

issue an opinion or award on the FMLA claim because it was not necessary to resolution of the contractual claims under the CBA. (Opinion and Award, at 31). Because Plaintiff was not required to arbitrate his FMLA claim and no decision has been rendered regarding the availability of that claim, this Court has subject matter jurisdiction on that FMLA claim.

2. *The Railway Labor Act does not Preempt Plaintiff's FMLA claims.*

Although the Railway Labor Act ("RLA") was passed to "promote stability in labor-management relations by providing a comprehensive framework for resolving labor disputes," the RLA does not preempt claims arising under statute or common law independent of a CBA. *Thompson v. Air Transport Intern., Ltd Liability Co.*, 664 F.3d 723, 725-26 (8th Cir. 2011) (quoting *Hawaiian Airlines, Inc. v. Norris*, 512 U.S. 246, 252 (1994)). The RLA only preempts federal or state claims when a court would be required to interpret the CBA and not when the claims arise independent of the CBA. *Id*. (citing *Deneen v. Nw. Airlines, Inc.*, 132 F.3d 431, 439 (8th Cir. 1998)).

The question of whether Plaintiff's FMLA claims are preempted by the RLA does not require this Court to interpret the CBA, but only to refer to it. *Id*. (citing *Sturge v. Nw. Airlines, Inc.*, 658 F.3d 832, 838 (8th Cir. 2011)); *see Gilmore v. Nw. Airlines, Inc.*, 504 F. Supp. 2d 649 (D. Minn. 2007) (". . . FMLA rights are created by federal law, not by contract; when a unionized employee seeks to enforce a right arising out of a federal statute (like the FMLA), her claim typically can be resolved without reference to her collective-bargaining agreement and, hence, is not minor and is not preempted."). "Interpretation of a provision of a collective bargaining agreement entails the resolution of a dispute about the meaning of the provision. But where the meaning of a provision in the CBA is not disputed, the application of that provision to a set of facts involves only reference to the provision." *Sturge v. Nw. Airlines, Inc.*, 658 F.3d at

3

838. Plaintiff's FMLA claims are not preempted by the RLA because no interpretation of the CBA is required for resolution.

      B.    **This Court has Personal Jurisdiction Over Defendant**.

To survive a motion to dismiss for lack of personal jurisdiction, Plaintiff "must state sufficient facts in the complaint to support a reasonable inference that defendants may be subjected to jurisdiction in the forum state." *Steinbuch v. Cutler*, 518 F.3d 580, 585 (8th Cir. 2008). To defeat Defendant's Motion to Dismiss, Plaintiff only needs to make a prima facie showing of jurisdiction. *Epps v. Stewart Info. Servs. Corp.*, 327 F.3d 642, 647 (8th Cir. 2003).

Personal jurisdiction gives this Court "the power…to enter 'a valid judgment imposing a personal obligation or duty in favor of the plaintiff.'" *Viasystems, Inc. v. EBM-Papst St. Georgen GmbH & Co., KG*, 646 F.3d 589, 592-93 (8th Cir. 2011) (quoting *Kulko v. Superior Court of Cal.,* 436 U.S. 84, 91 (1978)). Personal jurisdiction can be either specific or general. "'Specific jurisdiction refers to jurisdiction over causes of action arising from or related to a defendant's actions within the forum state,' while '[g]eneral jurisdiction ... refers to the power of a state to adjudicate any cause of action involving a particular defendant, regardless of where the cause of action arose.'" *Id*. at 593 (citation omitted). Because Plaintiff does not contend that this Court has general jurisdiction over Defendant, the focus is on whether this Court has specific jurisdiction. *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S. Ct. 2846, 2853-54 (2011) ("For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile; for a corporation, it is an equivalent place, one in which the corporation is fairly regarded as at home.").

Because Iowa's long-arm statute "expands Iowa's jurisdictional reach to the widest due process parameters allowed by the United States Constitution," this Court's inquiry "is limited to

whether the exercise of personal jurisdiction comports with due process." *Wells Dairy, Inc. v. Food Movers Intern., Inc.*, 607 F.3d 515, 518 (8th Cir. 2010). For purposes of specific jurisdiction, the Court's due-process analysis focuses on whether there are "minimum contacts between the nonresident defendant and the forum state such that the assertion of personal jurisdiction is consistent with traditional notions of fair play and substantial justice." *Id*. In analyzing Defendant's contacts with the forum state, the Court considers: "(1) the nature and quality of the contacts with the forum state; (2) the quantity of those contacts; (3) the relation of the cause of action to the contacts; (4) the interest of the forum state in providing a forum for its residents; and (5) the convenience of the parties." *Id*. (quoting *Bell Paper Box, Inc. v. U.S. Kids, Inc.*, 22 F.3d 816, 816 (8th Cir. 1994)).

Plaintiff, at all times during his employment with Defendant, was a legal resident of, and had a legal domicile in, Iowa. (Decl. of South). Defendants were aware of this fact, and contacted Plaintiff at his home numerous times – both by phone and through the mail. (Decl. of South). Plaintiff's letter outlining his offer of employment and the letter detailing his termination of employment were both sent to his Iowa residence. (Decl. of South). In addition, Defendant deposited Plaintiff's paychecks in an account at Plaintiff's Iowa bank. (Decl. of South). Furthermore, Defendants were aware that Plaintiff, as well as a number of other GoJet Airlines employees, commuted from Iowa to the "domicile" (as defined in the CBA) in Chicago, Illinois, or St. Louis, Missouri. (Decl. of South). At no time during his employment did Plaintiff ever have the requisite intent, nor take any substantial steps, to change his legal domicile to either Chicago, Illinois, or St. Louis, Missouri. (Decl. of South).

While the U.S. Supreme Court has opined that "[t]he unilateral activity of those who claim some relationship with a nonresident defendant cannot satisfy the requirement of contact

with the forum State," *Hanson v. Denckla*, 357 U.S. 235, 253 (1958), the continuous nature with which Defendants contacted Plaintiff in Iowa is enough to show "the defendant purposefully avail[ed] itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Id.* (citing *Intern. Shoe Co. v. Washington*, 326 U.S. 310, 319 (1945). These contacts, while directed at Plaintiff, are more than the single telephone call found to be sufficient by the court in *Norton v. Local Loan,* 251 N.W.2d 520, 522 (Iowa 1977).

Additionally, in *Brown v. Kerkhoff*, 504 F. Supp. 2d 464, 504 (S.D. Iowa 2007), the district court discussed how "presence of the internet has required fashioning special rules for applying the traditional due process test" followed by the Eighth Circuit. In *Brown*, the court discussed the degree of interactivity a website offered as a "'sliding scale' test to gauge whether contacts occurring through a website permit the exercise of personal jurisdiction" – the higher the degree of interactivity, the more likely such a site could be used to allow personal jurisdiction over a nonresident defendant. *Id.* at 507 (citing *Zippo Mfg. Co. v. Zippo Dot Com, Inc.*, 952 F. Supp. 119, 1124 (W.D. Pa. 1997)). The court cited three other recent cases that found such highly interactive sites indicated the defendants had intentionally reached out to the forum state. *Id.* at 508 (citing *Noegen Corp. v. Neo Gen Screening, Inc.*, 282 F.3d 883, 890-91 (6th Cir. 2002); *Lakin v. Prudential Secs., Inc.*, 348 F.3d 704, 712 (8th Cir. 2003); *Lindgren v. GDT, LLC,* 312 F. Supp. 2d 1125, 1131 (S.D. Iowa 2004)). In this case, Defendant's website has a secure, password protected site for employees – of which Defendants were aware that some, such as Plainitff, were located in Iowa. (Pla. Ex. 1).

The contacts present in this case clearly satisfy factors (1), (2), and (3) – the nature and quality of the contacts, the quantity of the contacts, and the relation of those contacts to the cause of action. *See Wells Dairy, Inc*, 607 F.3d at 518 (citations omitted). Defendants have

purposefully directed their activities (correspondence, tax documents, phone calls) to residents of Iowa, and Plaintiff's claim arise *directly out of* these activities of Defendants.  Plaintiff was employed by Defendants for approximately sixteen months.  (Decl. of South).  Additionally, Defendants have a highly interactive website, with a password-protected area, that employees are required to use to bid on monthly flight schedules with Defendants.  *See Brown*, 504 F. Supp. 2d at 507.  Some courts have opined that "telephone calls and mailings…are, alone, insufficient to amount to minimum contacts."  *See Wright,* 395 F. Supp. 2d at 803 (citing *First Nat'l Bank v. First Nat'l Bank,* 258 F.3d 727, 729 (8th Cir. 2001); *Northwest Airlines, Inc. v. Astraea Aviation Servs., Inc.,* 111 F.3d 1386, 1390 (8th Cir. 1997); *Bell Paper Box, Inc. v. Trans Western Polymers, Inc.,* 53 F.3d 920, 923 (8th Cir. 1995); *Pro Edge, L.P. v. Gue,* 374 F.Supp.2d 711, 733 (N.D. Iowa 2005); *Barrett v. Catacombs Press,* 44 F.Supp.2d 717, 729 (E.D.Pa.1999); *Red Wing Shoe Co. v. Hockerson-Halberstadt, Inc.,* 966 F.Supp. 833, 837 (D.Minn.1997)).  However, in this case, Defendants have the highly interactive website discussed in *Brown,* allowing this Court to exercise personal jurisdiction over Defendants without offending "traditional notions of justice and fair play."  *Int'l Shoe Co. v. Washington,* 326 U.S. 310, 316 (1945).

However, should this Court find it does not have personal jurisdiction over Defendant, personal jurisdiction would exist in the United States District Court for the Eastern District of Missouri or the United States District Court for the Northern District of Illinois.

      C.    **Venue is Proper in this Court**.

Under 28 U.S.C. § 1406, this Court may transfer a case to another district if the case was filed in the wrong district, even if this Court lacks personal jurisdiction over the Defendant.  *Goldwar, Inc. v. Heiman*, 369 U.S. 463, 466 (1962) ("The language of § 1406(a) is amply broad enough to authorize the transfer of cases, however wrong the plaintiff may have been in filing his

case as to venue, whether the court in which it was filed had personal jurisdiction over the defendants or not."); *see also* 28 U.S.C. § 1404(a) ("For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented.").

Although Defendant's principal place of business is in St. Louis, Missouri, Defendant has a crew base in Chicago, Illinois. (Dec. of Gerald F. Wigmore, ¶4). Plaintiff was employed as a pilot for Defendants and based in Chicago, Illinois, from January 2009, until his termination on May 14, 2010. (Dec. of Captain Dennis Craig, ¶2). At relevant times to his employment, Plaintiff was supervised by Larry Balocca, who is also based in Chicago, Illinois. (Dec. of Captain Dennis Craig, ¶18). Because Plaintiff was based out of Chicago, Illinois, and his supervisor was in Chicago, Illinois, to the extent venue is not proper in this Court, this case should be transferred to either the United States District Court for the Northern District of Illinois or the United States District Court for the Eastern District of Missouri.

## II.   CONCLUSION

WHEREFORE, the Plaintiff requests the Court deny Defendant's Motion to Dismiss and enter an appropriate Order.

          Respectfully submitted,

          */s/ Michael J. Carroll*_____
          Michael J. Carroll
          Kodi A. Brotherson
          Babich Goldman, P.C.
          501 SW 7th Street, Suite J
          Des Moines, IA  50309
          Telephone:  (515) 244-4300
          Facsimile:  (515) 244-2650
          E-mail:  mcarroll@babichgoldman.com
             kbrotherson@babichgoldman.com

          ATTORNEYS FOR PLAINTIFF

Original filed; copies to:

Patrick R. Martin
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
Wells Fargo Center
90 South Seventh Street, Suite 3800
Minneapolis, MN 55402
Telephone: (612) 336-6870
Fax: (612) 339-0061
E-mail: patrick.martin@ogletreedeakins.com

Leslie Cavender
Attorney
Trans States Holdings, Inc.
11495 Navaid Rd.
Bridgeton, MO 63044
Telephone: (314) 222-4317
Facsimile:  (314) 222-4311

ATTORNEY FOR DEFENDANTS

---

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of this document was served upon counsel of record for each party to the action in compliance with Fed. R. Civ. P. 5 on January 28, 2013, by:

 X  Electronically via ECF for ECF registrants
 __ U.S. Mail
 __ Fax
 __ Fed Ex or other overnight courier
 __ Hand Delivered
Other: _____

Signature:  */s/ Debra S. Krause*_____