GoJet Airlines and
Teamsters Local 618
Grievance: Mark South Discharge
Page 22

to fly the trips that were scheduled for him on May 6 and May 12.  However, despite his

request his wife's orthopedist could not postpone the surgery beyond May 6.  The

grievant promptly requested and received an FMLA form and filled it out in which his

portion was completed on April 23 and was fully completed by the healthcare provider on

April 30.  As such, the grievant gave as much notice as practicable which is permitted

under the FMLA regulations.  The 30 day requirement is not a hard and fast rule and may

be waived under these kinds of circumstances.

The Union maintains that the grievant was otherwise eligible for FMLA leave

because the Company used an inappropriate formula in determining whether he met the

hourly requirements.  Rather, if one computes the grievant's aggregate 12 months of

attendance it would show that the grievant had clearly more hours worked than the 60%

of the minimum guarantee.  Despite this fact the Company denied his request for FMLA.

The abuse of sick leave charge was based upon the Company's wrongful denial of

FMLA leave and rather the grievant's personal claim of sick leave was legitimate.  The

grievant offered medical proof of the need for leave to the Company in which the

Company simply chooses to ignore.  The grievant credibly testified that as a result of

having to care for his wife and help maintain her business, had become physically and

mentally exhausted.  As a result, the grievant spoke to Dr. Mariani, a physician that he

believed was employed by GoJet and with his family doctors at Iowa Health.  As a result,

the grievant provided a "off work slip" from his personal physician that he sent to Dr.

Mariani. The grievant also contends that he sent the off work note to the Company's

crew scheduling on or about May 6 but could not produce evidence of this at the hearing.

GoJet Airlines and
Teamsters Local 618
Grievance: Mark South Discharge
Page 23

The Union maintains that the evidence at the hearing it was clear that the grievant had done everything possible to obtain alternative leave after his family medical leave was denied and when he became ill and unable to perform his duties as a captain. In that respect, the grievant acted appropriately to document and cover his necessary sick leave for his dates in question. This was only exaggerated by the fact that the original denial of FMLA was wrongful.

Even though the FMLA was wrongfully denied the grievant attempted to find other means to care for his wife. The grievant requested other leave including leave of absence which was available under the collective bargaining agreement. Yet, the Company's refusal to grant unpaid leave to the grievant, which the Company found to be necessary to care for his wife, was unreasonable. Indeed, the Company had the ability to grant such leave because the policy provides that this was available on a non-precedential basis. According to the Union the refusal of FMLA combined with the refusal of the other leave's request showed that the Company had "made up its mind that it was going to discharge the grievant and it manipulated the situation and forced Mark South into a position where he could not leave his ill and injured wife and keep his job at the same time."

The Union maintains that the grievant made the initial sick call on May 7 because he was physically and mentally exhausted due to the months of taking care of his wife following her accident. He was engaged in not only performing his assignment as a pilot for the Company but also helping his wife with the family business. As such, the grievant contacted Dr. Mariani and discussed his concern and was instructed to discuss his medical condition with his personal physician and determine if he was able to perform

GoJet Airlines and
Teamsters Local 618
Grievance: Mark South Discharge
Page 24

his duties as a pilot.  After meeting with his personal physician the grievant was issued an

off work slip which provided that he "had no flight duties" and referenced that a follow

up appointment was scheduled for May 14, 2010.  In support of this contention the Union

presented exhibits which were copies of the grievant's cell phone records from April 19

to May 18, 2010 which included telephone calls to Dr. Mariani on May 5, 6 & 7.  This

was also supported by the fact that when the grievant called in sick on May 5 the

Company had in its possession an audio recording in which the grievant stated that he

was off sick and that he had a medical note in support of the call.  The Union contends

that during that call the Union offered the Company his off work medical note.  Noting

that the contract does not require the presentation of such evidence the grievant made the

affirmative offer to provide this information to the Company.

The Company could have engaged in minimal investigation in order to determine

whether indeed this medical note was issued.  However it failed to do so.  According to

the evidence the Company did have the fact that the grievant had offered the sick note in

his call to crew scheduling and it only had to contact the grievant to obtain the

paperwork.  "For some reason, GoJet did no investigative follow up to confirm the off

work excuse."

Even though the grievant was sick, Captain Balocca was able to find a

replacement for the trip scheduled for May 6.  As a result, according to the Company the

sick request was removed from the records.  However, there remained the issue of the

grievant's scheduled trip for May 12, 2010.  At that time the grievant continued to have

to care for his wife and remained off work as provided in his slip provided by his

personal physician.  Since he understood that there was coverage for his first scheduled

GoJet Airlines and
Teamsters Local 618
Grievance: Mark South Discharge
Page 25

trip the grievant felt that it was necessary that he recall in sick as his first sick call

designation had been eliminated from crew schedule. This is consistent with the

grievant's testimony that he called on May 6 and on May 12 in order to cover his flights.

The evidence also supports the conclusion that Dr. Mariani was the Company's

physician. The Company admitted through the testimony of Captain Balocca that Dr.

Mariani is indeed the aviation medical examination who does flight physicals. Thus, Dr.

Mariani is available to discuss a pilot's physical and mental conditions. Indeed the Union

notes that contrary to the Company's position that it has no relationship with Dr. Mariani

it was able to produce a fax containing the off work slip from what purports to be Dr.

Mariana's file.

Finally, the Union notes that one of the main reasons that the Company used to

support its basis for termination was the grievant's failure to appear at the May 14

meeting. The evidence showed that Captain Craig had contacted the grievant on May 12

in order to schedule the meeting. During the conversation the grievant stated that he was

unable to attend. Nevertheless Captain Craig decided to set May 14 as the final date.

The grievant stated that he would try to make the meeting but asked to have the meeting

moved to a date after May 15. Captain Craig refused. When the grievant realized that he

was not able to make the May 14 meeting he made multiple telephone calls to union

representatives and shop stewards asking them to represent him at the meeting. The

grievant's cellular phone bill showed that he made 10 calls to his union representatives

and shop stewards on May 12 and May 13 in support of that testimony.

The Union maintains that Captain Craig's inflexibility in setting the date of the

meeting showed that the Company had intended to create an obligation that the grievant

GoJet Airlines and
Teamsters Local 618
Grievance: Mark South Discharge
Page 26

could not meet. The Company did not dispute that the grievant needed the time off to

care for his wife and that the grievant had represented that he needed through May 15 for

that purpose. Yet, the Company chose to ignore that and demand that he attend a meeting

several hours away the day before. The Union therefore asserts that the only reason that

Captain Craig set this date was because he knew the grievant would not be able to make

the meeting and this would provide a basis on which to discharge him. Even though the

Company asserted that the grievant's failure to attend the May 14 meeting was

insubordinate, the Company presented no evidence to show any basis for that charge.

Indeed, the grievant was not charged with insubordination in his discharge letter.

In summary, the Union maintains that the grievant was never disciplined or

warned about any of his prior absences and that those absences were legitimate. The

Company further misinterpreted the grievant's eligibility for FMLA leave. Finally the

grievant did not abuse his sick leave because he offered documentation that he was

indeed sick. Management never pursued his representation even though they had a

recording of his offer.

Chief Pilot Craig insisted that the grievant attend a meeting even though he was

still under his doctor's care and he had to take care of the obligations of caring for his

wife. This according to the Union was done in order to place the grievant in the

untenable situation of trying to save his job or care for his wife. The grievant was then

subsequently terminated for failing to attend the meeting even though he made attempts

to secure representation at the meeting. In other words, the grievant did nothing which

deserved summary termination. There was insufficient cause to terminate the grievant in

GoJet Airlines and
Teamsters Local 618
Grievance: Mark South Discharge
Page 27

this instance. Therefore, the Union requests that the grievant be reinstated and made whole.

## ANALYSIS

The Board has reviewed all of the evidence presented including the transcript, documents and written post hearing briefs. The grievant in this matter was terminated based upon two charges: chronic absenteeism and abuse of sick leave. The initial burden of proving just cause rests with the Company. It must through a preponderance of the evidence substantiate the basis for the imposition of those charges as set forth in the termination letter. This is consistent with the provisions set forth in Section 23 B 1 of the Agreement which state that "all notices of disciplinary action or discharge shall be in writing and shall state the reason(s)."

In meeting this burden, the Company must generally prove that the grievant was aware of such rules, that the violations as stated occurred, and that the occurrence was properly investigated in the sense that the grievant had the due process opportunity to confront the bases for the charges. In addition, the charges set forth in the letter must represent the charges in their entirety. An employer cannot tack on additional charges simply because they find issue with the employee's conduct.

The Company charged the grievant with chronic absenteeism simply based upon his record of absences over his relative short tenure as an employee of the airline. It notes that the grievant had been advised of the problem of his absenteeism during a meeting with the Chief Pilot at the conclusion of his probationary period when he was to achieve the rank of pilot. The evidence established that this issue was only part of a general discussion.

GoJet Airlines and
Teamsters Local 618
Grievance: Mark South Discharge
Page 28

The Company's rules that address the issue absenteeism is found in its General

Operations Manual.  Paragraph 1-2.3.5 of the Manual does not set forth a specific

objective standard.  For example it does not lay out a specific number of occurrences

necessary to initiate a disciplinary step.  It just provides guidelines that should be applied

if it is found that an employee's absenteeism becomes "excessive."  Notably though it

does set forth certain progressive steps through which an individual may be warned or

disciplined for chronic absenteeism.  According to the policy, the first step is an oral

inquiry in which the matter is discussed with the employee and more importantly "a

written record of the counseling is placed in the employee's file."

In this case, while there is no dispute that the issue of the grievant's absenteeism

was raised during this discussion with the Chief Pilot.  However, there is no evidence that

this was considered to be an oral inquiry under the General Operations Manual nor was

there any requisite written record of counseling that was placed in his personnel file.  The

Board clearly understands that a Company whose reputation depends on maintaining,

among other things, reliability must depend on its employees to show up for work on

time and ready to perform their duties.  On balance however, given the fact that the

Company has a policy that provides for multiple opportunities to address absenteeism it

is obligated to apply the policy in a manner consistent with its language.

While the absenteeism policy does not provide for what would typically be

viewed as progressive discipline, the policy does set forth certain steps that must be

imposed should the absenteeism become chronic.  In this case the grievant was not

afforded that opportunity and therefore the majority of this Board must find on this basis

GoJet Airlines and
Teamsters Local 618
Grievance: Mark South Discharge
Page 29

alone that the Company did not establish sufficient cause to terminate the grievant for
chronic absenteeism.

Secondly, the grievant has been charged with sick leave abuse. The basis for this
charge concerns the grievant calling in sick on two occasions after he was denied FMLA
leave and was informed by the Chief Pilot that no other leave was available. The first trip
was scheduled to begin on May 7. The evidence presented showed that the grievant
called crew scheduling on May 6 stating that he was calling off sick and that he had a
note "if anybody needs it." The scheduling for the May 7 trip was resolved in this
because crew scheduling was able to find another pilot to take his assignment. However
the evidence established that the grievant also called in sick for a second trip scheduled
for May 12. The grievant testified that even though he contended that he had a note
excusing him from work through the 15th, he contended that since he had not been
charged with sick leave for May 7, he had to recall in sick for May 12. This, explanation,
combined with the overall basis for his requesting time off to care for his wife, creates a
substantial inconsistency in the grievant's basis for his absence. In the Company's eyes,
since the grievant had been denied FMLA leave, this was a way to get around his
obligation to report to work.

However, the grievant claims that prior to calling in sick on May 6 he actually
consulted with Dr. Mariani who he claims is an employee of the Company and who
recommended that see his personal physician. The issue of Dr. Mariani's role with
respect to the Company is unclear; however, the Company does admit that Dr. Mariani
serves as the airline's medical examiner. This does not in and of itself establish that he is

GoJet Airlines and
Teamsters Local 618
Grievance: Mark South Discharge
Page 30

an employee of the Company but possibly a contractor who is used for this relatively

limited role.

The grievant did produce a medical slip from his personal physician saying that

he could not fly through the May 15.  The grievant claims that this was submitted through

crew scheduling which the Company denies.  In addition, the Company notes that the

grievant produced his cell phone records showing calls to crew scheduling, Dr. Mariani

and Union representatives.  However, calls to his personal care practice, the Iowa Health

Clinic, the clinic responsible for producing the note were absent from the record.  Even

though the grievant appeared to conduct most of his work related affairs from his cell

phone, the grievant maintained that he could have used his home land line.

One must understand that since the grievant has a history of absenteeism due to

his own medical circumstances, he should be familiar with the requirements necessary to

inform the Company of his situation.  Therefore, if he was truly personally unable to fly,

the grievant should have known how to properly inform management.  The note appears

to be authentic.  However, there is no evidence to show that the grievant produced the

slip to any member of management prior to May 12.  The grievant certainly did not

follow his earlier routine.  Given that this arose at the same time the grievant was denied

leave to care for his wife raises serious questions concerning the veracity of his

explanation.  At most it appears that the grievant abused the sick leave policies in order to

avoid working his May 12 trip.  At minimum it raises the issue that the grievant failed to

properly inform management of his illness.  In either case, discipline is warranted.

In addition, it appears based upon the testimony of Captain Craig that the

motivating factor for the discipline was the grievant's failure to attend a scheduled

GoJet Airlines and
Teamsters Local 618
Grievance: Mark South Discharge
Page 31

meeting on May 14, 2010. The Company has described this behavior as "insubordinate."

However, it is noted that the grievant was never charged with insubordination.

Therefore, to the extent that the grievant's failure to attend the meeting may serve as an

independent reason for termination; the Company may not rely on this as a basis for his

termination.

Finally, it is noted that this Board has not issued an opinion concerning whether

the grievant was in fact eligible for FMLA. Indeed, the resolution of this grievance does

not depend upon the grievant's eligibility for FMLA or the propriety of the denial but

rather the Company's ability to prove the charges upon which it based the grievant's

termination. To that extent, the Board issues no opinion or award with respect to this

question.

In conclusion, the majority of this Board finds that the Company failed to meet its

burden to show that the grievant was terminated for chronic absenteeism since the

Company failed to follow its own policy with respect to providing progressive discipline

when excessive absenteeism is expected. However, the weight of the evidence

established that grievant failed to follow the Company's policy in reporting off sick for

his May 12 trip. This gives that the appearance that the grievant attempted to circumvent

policy in order to get time off to care for his wife. This should result in a substantial

suspension of 60 days.

Therefore, while the majority of this Board sustains the grievance in part it is

understood that the parties have agreed to bifurcate this matter to conduct a separate

evidentiary hearing to determine the appropriate remedy. As such, this Board shall retain

jurisdiction for this exclusive purpose.

GoJet Airlines and
Teamsters Local 618
Grievance: Mark South Discharge
Page 32

## AWARD

The grievance is sustained in part. The Company has failed to meet its burden of establishing that the grievant had engaged in chronic absenteeism. The Company did not follow the terms of its General Operations Manual with respect to the imposition of progressive discipline for this offense. This should mitigate the discipline from termination.

The evidence did show that the grievant failed to follow appropriate policy in reporting off sick for his scheduled May 12, trip. This gives the appearance the grievant abused Company policy in order to circumvent the denial of FMLA leave. Therefore, the discipline should be reduced to a 60 day suspension. Given that the issue of remedy has been set aside for a separate adjudicatory hearing, this Panel shall only retain jurisdiction for that purpose.

Dated: Oct. 30, 2512

Alan A. Symonette, Arbitrator
Philadelphia, Pennsylvania

Dated: 11/7/202

Eric Kukowski, Esq.
Company Board Member
Concur/Dissent

Randy Richert
Company Board Member
Concur/Dissent

Dated: 11/8/2012

Gerald Kappauff
Union Board Member
Concur/Dissent

Tom Cole
Union Board Member
Concur/Dissent